# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JMO WIND DOWN, INC., | : | Chapter 11 |
| | : | |
| | : | Case No. 16-10682 (BLS) |
| Debtor. | : | BAP Nos. 18-23, 18-24 |
| _____ | : | |
| BLOSO INVESTMENTS, LTD., | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C. A. No. 18-726-LPS |
| | : | |
| EDUARDO SAVERIN, STEPHEN STUUT, | : | |
| SCOTT WEISS, ANDRESSEN | : | |
| HOROWITZ FUND, II, L.P., AH CAPITAL | : | |
| MANAGEMENT L.L.C., PENG-TSIN | : | |
| ONG, JMO WIND DOWN LIQUIDATING | : | |
| TRUST, THOMAS KASTENHOFER, | : | |
| DANIEL MATTES, and CHAD STARKEY, | : | |
| | : | |
| Appellees. | : | |
| _____ | : | |
| DANIEL MATTES, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C. A. No. 18-727-LPS |
| | : | |
| EDUARDO SAVERIN, PENG-TSIN ONG, | : | |
| SCOTT WEISS, ANDRESSEN | : | |
| HOROWITZ FUND, II, L.P., AH CAPITAL | : | |
| MANAGEMENT L.L.C., STEPHEN | : | |
| STUUT, BLOSO INVESTMENTS, LTD., | : | |
| CHAD STARKEY, THOMAS | : | |
| KASTENHOFER, and JMO WIND DOWN | : | |
| LIQUIDATING TRUST, | : | |
| | : | |
| Appellees. | : | |

# **RECOMMENDATION**

At Wilmington this **18th** day of **June, 2018**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel through a joint submission dated June 5, 2018 regarding these matters, to determine the appropriateness of mediation;

WHEREAS, as a result of the above screening process, the parties advised of the following. The following parties Bloso, Mattess, Kastenholder, Starkey and the JMO Wind Down, Inc. Liquidating Trust believe that a reasonable opportunity exists to mediate certain or all of the issues involved in these appeals and certain parties will be participating in mediation before JAMS on August 22, 2018, which was the first available date for the necessary participants and the mediator.[1]

As a result, without waiving any rights, the parties request that these matters be removed from the mandatory mediation requirement of this Court and that briefing scheduled for these appeals be extended until after the mediation noted above. There are significant sources of funding for a global resolution, which are reduced by the parties' defense costs. As a result, the parties request that any briefing schedule be delayed until after mediation is completed to allow preservation of those funds for any potential resolution.

The parties propose the following delayed briefing schedule to allow completion of mediation and to preserve funding resources for resolution:

---

[1] Certain of the parties previously engaged in mediation and ADR regarding the underlying matters, involving the services of the mediator scheduled for the August mediation.

| | |
|---|---|
| Appellants' Opening Brief | October 5, 2018 |
| Appellees' Responses | November 19, 2018 |
| Appellants' Reply | December 19, 2018 |

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), these matters, 18-726-LPS and 18-727-LPS be withdrawn from the mandatory referral for mediation in our Court for the reasons noted herein and the Court consider the parties request for the delayed briefing schedule as proposed. Since this Recommendation is consistent with the parties' request, no Objections pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1, are expected.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge